IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:14-CV-655-F

| | |
|---|---|
| SONDRA DURHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | MEMORANDUM AND |
| v. ) | RECOMMENDATION |
| ) | |
| ACCELERATED FINANCIAL SO., ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on Plaintiff's *pro se* application to proceed *in forma pauperis* under 28 U.S.C. § 1915 and proposed complaint. [DE-1]. However, for the reasons explained below, it is recommended this action be transferred to the United States District Court for the Middle District of North Carolina.

**I. LEGAL STANDARD**

"The appropriate venue of an action is a procedural matter that is governed by federal rule and statutes." *Albemarle Corp. v. AstraZeneca UK Ltd.*, 628 F.3d 643, 650 (4th Cir. 2010) (citations omitted). Congress enacted 28 U.S.C. § 1391, which provides the statutory framework for determining proper venue. This general venue statute provides that a civil action may be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought . . . any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). The term "resides" in the context of a defendant corporation

means "any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . . ." 28 U.S.C. § 1391(c)(2). Even where venue may be proper in the district where a plaintiff filed the action, the court nevertheless may find that transfer to a another district is appropriate under 28 U.S.C. § 1404(a), which allows a court to transfer an action "[f]or the convenience of parties and witnesses, in the interest of justice," to any other district where the action might have been brought. 28 U.S.C. § 1404(a). In deciding whether to transfer venue, "a district court must make two inquiries: (1) whether the claims might have been brought in the transferee forum, and (2) whether the interest of justice and convenience of the parties and witnesses justify transfer to that forum." *Koh v. Microteck Int'l, Inc.*, 250 F. Supp. 2d 627, 630 (E.D. Va. 2003). The question of transfer under section 1404(a) is committed to the sound discretion of the district court. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).

## II. DISCUSSION

According to Plaintiff's proposed complaint, Plaintiff resides in Lee County, North Carolina. Prop. Compl. [DE-1-1] at 1 ¶ 2, 4. Defendant Accelerated Financial So. is alleged to be a "Foreign Corporation . . . not licensed to do business in North Carolina." *Id.* at 2 ¶ 3a. Plaintiff also alleges that "[t]he occurrences which give rise to this action occurred in Lee County, North Carolina . . . ." *Id.* at 2 ¶ 4. Lee County lies in the Middle District of North Carolina. 28 U.S.C. § 113(b). Finally, Plaintiff alleges that venue is proper in the Eastern District of North Carolina. Prop. Compl. at 2 ¶ 5.

It appears venue is not proper in this district under 28 U.S.C. § 1391(b), where there is no allegation from which it could be inferred that Defendant resides in this district and the events giving rise to this matter did not occur in this district. Furthermore, the Middle District of North Carolina

2

is a more favorable and convenient venue. First, it appears that the conduct giving rise to the causes of action in Plaintiff's proposed complaint occurred in the Middle District of North Carolina. *See Parham v. Weave Corp.*, 323 F. Supp. 2d 670, 674 (M.D.N.C. 2004) (noting that "the deference given to the plaintiff's choice [of forum] is proportionate to the relation between the forum and the cause of action.") (citation omitted). Moreover, Plaintiff is not a resident of the Eastern District and, based on the allegations contained in the proposed complaint, it appears likely that witnesses having knowledge of the facts surrounding the events at issue in this case are located in the Middle District of North Carolina. *See Hames v. Morton Salt, Inc.*, No. 3:11-CV-570, 2012 WL 1247201, at *3 (W.D.N.C. Apr. 13, 2012) (noting the convenience of witnesses is important to the resolution of venue). All of these factors favor a transfer of venue to the Middle District of North Carolina.

## III. CONCLUSION

Accordingly, in the interest of justice and convenience, it is RECOMMENDED that the case be TRANSFERRED to the Middle District of North Carolina for further proceedings.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the pro se Plaintiff, who has fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

SUBMITTED, this the 23rd of October 2014.

Robert B. Jones, Jr.
United States Magistrate Judge